IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 5, 2018

**STATE OF TENNESSEE v. CHRISTOPHER TALLEY**

**Appeal from the Criminal Court for Shelby County**
**No. 14-05964          Glenn Ivy Wright, Judge**

_____

**No. W2017-01752-CCA-R3-CD**
_____

THOMAS T. WOODALL, J., concurring.

I concur in the majority opinion, but write separately to again say that the term "prosecutorial misconduct" should not be used to describe errors by counsel for the State in making arguments to the jury. Instead, I believe it should be referred to as "improper prosecutorial argument" for non-constitutional errors. For the reasons stated in my dissent in *State v. Timothy McKinney*, No. 2016-00834-CCA-R3-CD, 2018 WL 1055719 (Tenn. Crim. App. Feb. 23, 2018), Woodall, dissenting, and in my concurring opinion in *State of Tennessee v. Maurice Baxter aka Maurice Gross*, No. W2016-01088-CCA-R3-CD, _____ WL _____ (Tenn. Crim. App. Aug. 10, 2018) Woodall, concurring, I believe that the use of the term "prosecutorial misconduct" alludes to a violation of the rules of professional conduct which govern the conduct of all Tennessee attorneys. *See also State v. Jackson*, 444 S.W.3d 554 (Tenn. 2014). (The term "unconstitutional prosecutorial comment" is used to describe prosecutor argument which is non-structural constitutional error, and "improper prosecutorial argument" is used to describe prosecutor argument that does not violate the United States or Tennessee Constitutions. *Id*. at 591-92 n.50). Our court's decisions on legal issues involving jury trials should not be interpreted as a conclusion that any attorney has violated any rule of professional conduct. That issue is not before us in appeals involving criminal cases.

_____
THOMAS T. WOODALL, JUDGE